

FILED
CLERK, U.S. DISTRICT COURT

**September 11, 2020**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ sr _____ DEPUTY

## United States District Court, Central District Of California

JS-6

CC: Bankruptcy Court

## Case No.2:20-cv-03219-JFW

## Motion To Dismiss Appeal As Moot

**William Robert Norrie**

**In Pro Per**

**P.O. Box 220**

**Manhattan Beach CA 90267**

## A. Statement Of Facts

The motion whose denial is the subject of this appeal requested that the bankruptcy court vacate the incarceration sanction.

In its order dated June 16, 2020 the court granted Norrie's 'Motion To Request Relief In Part From The Court's Order Dated April 30, 2015 Under F.R.Civ.P. 60(b)(6)...' including vacating the incarceration sanction. (Exhibit 1).

Hence the subject appeal has been rendered moot by the court's order dated June 16, 2020.


## B. Conclusion

In light of the above Appellant withdraws the appeal as moot.

Respectfully submitted

IT IS SO ORDERED

Date: September 11, 2020

*W. R. Norrie*

Hon. John F. Walter
U.S. District Judge

**William Robert Norrie**

September 11, 2020

## EXHIBIT ONE

1
2
3
4
5
6
7

**FILED & ENTERED**

**JUN 16 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

8

**UNITED STATES BANKRUPTCY COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**LOS ANGELES DIVISION**

11
12   In re:

Case No.: 2:13-bk-25751-BR

13   WILLIAM ROBERT NORRIE,

Chapter 7

14

**ORDER:**

15

**1. GRANTING IN PART THE DEBTOR'S "MOTION TO REQUEST RELIEF FROM THE COURT'S ORDER DATED APRIL 30, 2015 UNDER F.R.Civ.P 60(b)(6);"**

16
17               Debtor(s).
18

**2. VACATING IN PART THE "ORDER DENYING DEBTOR WILLIAM ROBERT NORRIE'S MOTION TO PURGE CONTEMPT ON A DATE CERTAIN;" AND**

19
20
21

**3. VACATING IN PART THE "ORDER FINDING DEBTOR IN CONTEMPT OF THIS COURT'S ORDERS OF JULY 18TH, 2014 AND OCTOBER 14TH, 2014 & ORDERING THE FEDERAL MARSHAL'S [SIC] TO ARREST DEBTOR WILLIAM ROBERT NORRIE AND MAINTAIN DEBTOR NORRIE IN CUSTODY UNTIL HE PURGES HIS CONTEMPT"**

22
23
24
25
26
27

[NO HEARING REQUIRED]

28

419

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter is before the Court on the "Motion to Request Relief from the Court's Order Dated April 30, 2015 Under F.R.Civ.P 60(b)(6)" ("Motion to Lift April 30, 2015 Order") and attached declaration [docket no. 899], filed by the debtor on March 9, 2020. The Motion seeks, in essence, relief from that part of an order entered by this Court on April 30, 2015 which reaffirmed the debtor's status as a disentitled fugitive, subject to arrest and remand to the United States Marshal.

Background: One of the major issues in this case involved a discovery dispute between Kelly T. Mallen, John M. Pulos and the debtor. Ms. Mallen and Mr. Pulos sought to examine the debtor under FRBP 2004 and to require him to produce documents without objection. The debtor repeatedly failed to appear for his Rule 2004 examination or to produce the requested documents.

This Court entered various orders finding the debtor in contempt for refusing in bad faith to cooperate with the requested discovery. In particular, the Court entered an order on February 24, 2015 entitled "Order Finding Debtor William Robert Norrie in Contempt of This Court's Orders of July 18th, 2014 and October 14th, 2014 & Ordering the Federal Marshal's [sic] to Arrest Debtor William Robert Norrie and Maintain Debtor Norrie in Federal Custody Until He Purges His Contempt" ("Arrest and Detention Order") [docket no. 394].

The "Arrest and Detention Order" stated, in pertinent part, that:

> 5)      . . . Orders requiring Debtor Norrie's production
> of documents and appearance at his FRBP 2004
> examination/deposition and/or severe monetary sanctions,
> do not effectively coerce Debtor Norrie's compliance with

-2-

1    this Court's Orders;

2         6)    Such repeated, bad faith disregard of this

3    Court's orders by Debtor Norrie requires coercive sanctions

4    in the form of incarceration of Debtor Norrie's person until he

5    complies with this Court's Orders.

6

7    *Therefore, the Court Orders as follows:*

8

9         1)    IT IS ORDERED THAT the Federal Marshals shall,

10              forthwith, arrest Debtor William Robert Norrie and

11              take Debtor Norrie into custody;

12

13        . . .

14        6)    IT IS FURTHER ORDERED THAT the Federal

15              Marshal Service shall record and upload the instant

16              Order for the arrest of Debtor William Robert Norrie,

17              into the Federal online warrant and arrest system so

18              that Debtor Norrie may be apprehended and arrested

19              at any United States Airport, or other Federal facility,

20              that Debtor presents himself to, by Homeland

21              Security, TSA, United States Customs, or the Federal

22              Marshal Service or any other United States law

23              enforcement officer with authority.

24

25

26   "Arrest and Detention Order" [docket no. 394], pages 4 and 7.

27        On February 19, 2015, the debtor filed a "Motion of Debtor William Robert Norrie

28   Against Kelly T. Mallen and Attorney Paul Burns for Sanctions" [docket no. 388]. On

-3-

1    March 12, 2015, the Court entered an "Order Denying Motion of Debtor William Robert

2    Norrie Against Kelly T. Mallen and Attorney Paul Burns for Sanctions" [docket no. 432],

3    in which the Court stated, in pertinent part:

4

5              The Court finds that the Motion is well-taken and

6           would ordinarily grant it. However, the debtor recently fled

7           the country to evade this Court's order entered on February

8           24, 2015, which found him in contempt of two previous Court

9           orders and ordered the federal marshals to arrest him and

10          maintain him in federal custody until he purges his contempt.

11

12              The debtor's late-filed declaration states that he is

13           currently located in England. Under the federal Fugitive

14           Disentitlement Doctrine, his fugitive status precludes him

15           from bringing this Motion.

16

17              Accordingly, the Motion is DENIED. However, the

18           Court may consider a renewed motion if there is a future

19           change in the debtor's status.

20    "Order Denying Motion of Debtor William Robert Norrie Against Kelly T. Mallen and

21    Attorney Paul Burns for Sanctions" [docket no. 432], page 2.

22       The debtor subsequently filed an "Ex Parte Application for Order Allowing Debtor

23    William Robert Norrie to Purge Contempt on a Date Certain or in the Alternative for an

24    Order Shortening Time for Hearing Therein" ("Ex Parte Application to Purge Contempt")

25

26    and two attached declarations on March 11, 2015 [docket  no. 429]. Following a hearing

27    on April 14, 2015, the Court entered its "Order Denying Debtor William Robert Norrie's

28    Motion to Purge Contempt on a Date Certain" ("Order Denying Motion to Purge

1    Contempt") on April 30, 2015 [docket no. 484]. The "Order Denying Motion to Purge

2    Contempt" stated, in pertinent part:

3

4              IT IS FURTHER ORDERED that Debtor Norrie remains a disentitled

5        fugitive, subject to arrest and remand to the Federal Marshal; the court affirms its

6        order of February 24th, 2015, Docket No. 394, in all particulars.

7    "Order Denying Motion to Purge Contempt," page 2.

8

9        The Pending Motion: The debtor's pending "Motion to Request Relief from the

10   Court's Order Dated April 30, 2015 Under F.R.Civ.P 60(b)(6)" ("Motion to Lift April 30,

11   2015 Order") seeks relief from that part of the above-described "Order Denying Motion

12   to Purge Contempt" that reaffirmed the application of the Fugitive Disentitlement

13   Doctrine to the debtor, as a result of which he has been precluded from reentering the

14   United States without facing arrest and incarceration by the United States Marshal.

15

16       The Court entered a Scheduling Order on the "Motion to Lift April 30, 2015

17   Order" on March 31, 2020 [docket no. 905], which ordered the attorney for Ms. Mallen

18   and Mr. Pulos to file and serve a written opposition thereto, if any, by May 1, 2020 and

19   the debtor to file a written reply, if any, by July 1, 2020, and which further stated that the

20   Court would consider all filed pleadings and then decide whether to rule on the

21   pleadings or set the Motion for a hearing.

22

23       Ms. Mallen's and Mr. Pulos' counsel filed an opposition on April 28, 2020 [docket

24   no. 912] and the debtor filed a response on May 11, 2020 [docket no. 916]. The Court

25   has considered the "Motion to Lift April 30, 2015 Order," the opposition thereto and the

26   debtor's reply, and has determined that a hearing is not necessary in order for the Court

27

28

1   to rule on the Motion.[1]

2

3       Accordingly, good cause having been shown for a portion of the relief requested

4   in the "Motion to Lift April 30, 2015 Order," **IT IS HEREBY ORDERED** that:

5       1.      The portion of the "Motion to Lift April 30, 2015 Order" which asks the

6   Court to lift the application of the "Fugitive Disentitlement Doctrine" to the debtor is

7   **GRANTED**;

8

9       2.      The "Fugitive Disentitlement Doctrine" no longer applies to the debtor;

10      3.      The portions of the "Motion to Lift April 30, 2015 Order" regarding the

11  prohibition against the debtor filing of certain motions with the Court without the Court's

12  prior permission remain in full force and effect;

13

14      4.      The portion of the "Order Denying Motion of Debtor William Robert Norrie

15  Against Kelly T. Mallen and Attorney Paul Burns for Sanctions" entered on March 12,

16  2015 (see page 4, *supra*), which reaffirmed the application of the Fugitive

17  Disentitlement Doctrine to the debtor, is **VACATED**;

18      5.      The portion of the "Arrest and Detention Order" that orders the United

19  States Marshal to arrest and detain the debtor is **VACATED**;

20

21      6.      The debtor shall not be arrested and/or detained by the United States

22  Marshal or any other federal law enforcement agency pursuant to any order entered by

23  this Court in this bankruptcy case; and

24

25      7.      The United States Marshal shall record and upload this Order into the

26      [1]  In addition, the Court notes that the Court approved the "Amended Trustee's
27  Final Report" at a hearing on June 9, 2020, and an "Order on Final Fee Applications
    Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and
28  Expenses of Trustee and Professionals" was entered on that same date. The case
    therefore appears to be nearing completion.

1  federal online warrant and arrest system, so that the debtor will not be apprehended or

2  arrested at any United States airport or other federal facility that the debtor may

3  present himself to (e.g., the United States Marshal, the Department of Homeland

4  Security, the Transportation Security Agency (TSA), United States Customs, or any

5  other United States law enforcement officer with authority), pursuant to any order

6

7  entered by this Court in this bankruptcy case.

8      **IT IS SO ORDERED.**

9                                                    ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Date: June 16, 2020

26                                              _____

27                                              Barry Russell
                                                United States Bankruptcy Judge
28

-7-

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

Paul R Burns
Law Offices of Paul R Burns, PC
1114 State Street Ste 213
Santa Barbara, CA 93101

Brad D Krasnoff (TR)
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067-6006

William Robert Norrie
665 33rd St
Manhattan Beach, CA 90266

William Robert Norrie
P.O. Box 220
Manhattan Beach CA 90267

Date: 6/12/2020          Signature: _____

Deputy Clerk [*printed name*]:  STACEY FORTIER

CACB Rev. June 2016

## Certificate of Service

I am an adult, over the age of 18.

My business address is:

P.O. Box 220, Manhattan Beach CA 90267.


On September 11, 2020 I served the following document to attorney Paul Burns at  email

address  paulburnslaw@gmail.com as per our email service agreement:

'Motion To Dismiss Appeal As Moot' in 2:20-cv-03219-JFW.


Under penalty of perjury


*W. R. Norrie*

**William Robert Norrie**

**September 11, 2020**